# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL NO. 5:13CR49-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TROY WILLIAM YOUNT, JR., ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Troy William Yount, Jr.'s "Notice Of Appeal, Motion To Revoke Detention Order, And Request For Expedited Hearing," filed October 7, 2013 (Doc. 16), and the Government's Response in Opposition, also filed October 7, 2013 (Doc. 17).

Defendant was indicted in federal court on June 19, 2013.[1] (Doc. 3). Yount was charged with one count of conspiring to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine (500 grams or more), in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Defendant's original detention hearing was held on July 15, 2013, before United States Magistrate Judge David C. Keesler. At the conclusion of that hearing, Defendant was ordered detained consistent with the recommendations of the Government and U.S. Pretrial Services Officer. The Magistrate Judge noted:

> The Defendant is charged in a meth conspiracy case giving rise to the presumption of detention. The government's forecast of its evidence is strong and includes purchases by informants and admissions by the Defendant. The Defendant has a minor criminal record that includes misdemeanors and failures to appear. Probation [Pretrial Services] recommends detention with drug treatment and the Court will follow that recommendation.

---

[1] Defendant was initially charged in North Carolina Superior Court, Caldwell County between March and April 2013. Defendant was released on bond in Caldwell County pending his arrest on June 25, 2013 on the instant federal offenses.

(Doc. 7). The Magistrate Judge ultimately determined that Defendant had not rebutted the presumption of detention; that no conditions or combination of conditions could reasonably assure the safety of the community. *See* 18 U.S.C. §3145(b).

On September 6, 2013, Defendant filed a Motion For Reconsideration of the July 15, 2013 Detention Order based upon Defendant's successful completion of the twenty-eight day substance abuse treatment program within the Mecklenburg County Jail. (Doc. 11). The essence of Defendant's Motion for Reconsideration was that Pretrial Services only recommended detention pending completion of the short-term treatment program.

On September 17, 2013, a First Superseding Bill of Indictment ("Superseding Indictment") was returned. (Doc. 14). In addition to the drug conspiracy count, the Superseding Indictment added two offenses: possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of one or more firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[2] Both of the new counts identified the offense date as on or around March 12, 2013, within the conspiracy period alleged in count one (2012 through April 2013).

On September 23, 2013, following arraignment on the Superseding Indictment, Magistrate Judge Keesler considered Defendant's Motion For Reconsideration asserting a substantial change of circumstances. Defendant's motion was denied.

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). The Court has reviewed the entire criminal record, including

---

[2] There are eleven different firearms identified within the Notice of Forfeiture at the end of the Superseding Indictment. Count Three of the Superseding Indictment does not specify which firearm (s) was / were allegedly involved on March 12, 2013.

the audio recordings of both detention hearings before the Magistrate Judge.

In determining whether there are conditions of release that will reasonably assure the safety of other persons and the community, the Court considers all evidence regarding:

(1) the nature and circumstances of the offense charged (including whether the offense is a crime of violence or involves a controlled substance);
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
 (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
 (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors, the Court agrees that detention pending adjudication is appropriate. The nature and circumstances of the offense charged weighs in favor of detention as this Defendant is charged with distributing methamphetamine in various counties throughout the district, and either using and carrying or possessing firearms in furtherance of the same, in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 924(c).

As noted by the Magistrate Judge, the strength of the Government's evidence, including purchases made by confidential informants and admissions of the Defendant, also weighs in favor of detention. According to the Government, the evidence accumulated against Yount as the investigation has proceeded presents even greater reason to detain Defendant.[3]

---

[3] The Government represents that more recent statements from cooperating witnesses (Defendant's alleged co-conspirators) tend to show that Yount may be responsible for a higher quantity of methamphetamine (15 kilograms or more) than investigators originally thought. (Response, at 2).

The history and characteristics factors support detention. While Yount was raised in the Western District, is married, and has family in the area, Defendant Yount has a history of substance abuse and has not been employed outside of the home for over four years.[4] Significantly, Yount has been a methamphetamine user for approximately five years prior to his arrest.[5] Yount's criminal record consists primarily of misdemeanor offenses such as speeding (4 incidents), DWI, having an unopened container of an alcoholic beverage, and resisting arrest. There are three failures to appear noted, one in 2008 and two in 2010.

Moreover, the undersigned has previously found that completion of a short-term substance abuse treatment program, such as the one offered at the Mecklenburg County Jail, does <u>not</u> constitute a substantial change of circumstances warranting release. Here, the Court's view of the matter is particularly poignant given the well-documented, lengthy history of substance abuse, and the Defendant's drug of choice appearing to be methamphetamine.

Finally, taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's "Notice Of Appeal And Motion To Revoke Detention Order" is hereby **DENIED**. **IT IS FURTHER ORDERED** that Defendant's "Request For Expedited Hearing" is likewise **DENIED**. Defendant shall remain in custody pending adjudication.

---

[4] Defendant stated that he suffered an on-the-job injury at his last place of employment. Defense counsel asserts that Defendant and his wife breed and sell dogs.

[5] Yount apparently reported to Pretrial Services that his last methamphetamine use was approximately six months prior to being charged.

Signed: October 9, 2013

Richard L. Voorhees
United States District Judge