FILED
CHARLOTTE, NC

JUL 1 2 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. Case No. 0419 5:13CR00049-001 |
| | ) |
| Troy William Yount | ) |
| Defendant | ) |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Troy William Yount and for good cause shown therein, and also based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he has violated the terms and conditions of supervised release in the following respects:

1. DRUG/ALCOHOL USE (Date violation concluded: 5/26/2022).

    The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner." specifically, the defendant tested positive for methamphetamines on the following dates: 11/12/2021 (defendant signed admission of use on or about 11/10/2021 and confirmed through national laboratory testing),

11/18/2021 (confirmed through national laboratory testing), 4/21/22 confirmed through national laboratory testing) , (these drug screens were addressed with the modification dated 4/28/2022 as noted above) and 5/26/2022 subject signed admission of use on or about 5/22/2022 . (Grade C Violation)

2. DRUG/ALCOHOL USE (Date violation concluded: 6/8/2022).

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner" in that, the defendant tested positive for Amphetamines on two additional occasions, those being: 6/02/2022 and 06/08/2022. As of the writing of this Addendum, confirmation of these results is pending from our national laboratory. (Grade C Violation)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of I.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for Grade C violations and a Criminal History Category of I is a term of imprisonment from three (3) to nine (9) months.

2

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of three (3) months. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he is admitting the violations of supervised release because he did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him related to those alleged violations.

The defendant further acknowledges that he is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original sentencing order.

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Troy William Yount be and is hereby SENTENCED to a term of imprisonment of three (3) months on Count One (superseding) of the original judgment, with no further term of supervision to follow.

So ORDERED and ADJUDGED, this the 12 day of July, 20 22.

Kenneth D. Bell
U.S. District Court Judge

**APPROVED**

_____
Troy William Yount
Defendant

_____
Attorney for Defendant

_____
Jason Kemp
Supervisory U.S. Probation Officer

_Lambert F. Quinn_
_____
Assistant United States Attorney

_____
John Holiday
Probation Officer